IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  HOLLY COOPER,<br><br>        Plaintiff,<br><br>v.<br><br>1.  THE GOODYEAR TIRE<br>     & RUBBER CO.,<br><br>        Defendant. | )<br>)<br>)<br>)  Case No.: 25-CIV-<br>)<br>)<br>)  JURY TRIAL DEMANDED<br>)  ATTORNEY LIEN CLAIMED<br>)<br>)<br>) |

## **COMPLAINT**

The Plaintiff, Holly Cooper, hereby pleads her claims as follows:

## **PARTIES**

1. The Plaintiff is Holly Cooper, an adult resident of Commanche County, Oklahoma.

2. The Defendant is The Goodyear Tire & Rubber Co., an employer doing business in Commanche County, Oklahoma.

## **JURISDICTION & VENUE**

3. Plaintiff asserts claims for disability discrimination including failure to accommodate, termination on the basis of disability and in retaliation for requesting accommodations, in violation of the Americans with Disabilities Act; and for sex discrimination including termination in retaliation for opposing sexual discrimination, in violation of Title VII of the Civil Rights Act.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. The conduct giving rise to Plaintiff's claims occurred in Commanche County, Oklahoma, a

county within the United States District Court for the Western District of Oklahoma, wherefore venue is proper in this Court.

## STATEMENT OF FACTS

5. The Defendant employed at least fifteen employees during at least twenty weeks of the current or proceeding calendar year and is an employer under the Americans with Disabilities Act.

6. Plaintiff was employed by the Defendant from around November 11, 2013 until she was terminated around December 19, 2024.

7. At the time of her termination the Plaintiff held the job title of Finished Tire Enhancer.

8. The Plaintiff was qualified for her job position and performed her duties satisfactorily.

9. Plaintiff suffers from impairments including knee issues which, without the ameliorative effects of mitigating measures, would substantially limit Plaintiff's major life activities including her ability to walk.

10. Plaintiff suffers anxiety disorder, panic attacks and similar impairments which, without the ameliorative effect of mitigating measures, substantially limits one or more of Plaintiff's life activities including her ability to communicate and/or work.

11. Plaintiff underwent surgery on her knee around January 31, 2024.

12. Plaintiff asked for the accommodation of taking off work to undergo and recover from her knee surgery.

13. After returning to work, Plaintiff asked for accommodations including a temporarily lighter workload and/or adjustment to her assigned job duties.

14. Plaintiff requested accommodations from multiple individuals including Defendant's Human Resources department and her supervisor, James Milkey.

15. Defendant rejected Plaintiff's requested accommodations and refused to provide accommodations other than medical leave.

16. Defendant's conduct exacerbated Plaintiff's medical conditions including causing her to suffer from more panic attacks.

17. During this period Plaintiff also noticed that Defendant was allowing men the option of bidding and/or working on less labor-intensive machines at a higher rate than females.

18. In or about October 2024 Plaintiff complained of gender discrimination including by telling Cheresta Cook[1] in Human Resources that it looked like the Defendant was letting "men work on the lighter machines" and "being biased towards the women".

19. During this same period Plaintiff continued to request medical accommodations for her knee and anxiety/panic issues.

20. Plaintiff was involuntarily terminated around December 19, 2024.

21. After her termination, Plaintiff's job duties continued to exist.

22. As a direct result of the Defendant's conduct, the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including worry, frustration, anxiety and similar unpleasant emotions.

23. Plaintiff was terminated because of her disability (including because she had an actual disability, a record of a disability and/or because the Defendant regards Plaintiff as

---

[1] Spelling of an individual's name identified herein is based on Plaintiff's current knowledge and may not be accurate.

3

disabled) and/or because she requested accommodations and/or opposed sex discrimination.

24. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on July 17, 2025. The EEOC issued Plaintiff her right to sue letter with an issuance date of July 31, 2025. This Complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.[2]

**RESPECTFULLY SUBMITTED THIS 22nd DAY OF OCTOBER 2025**.

HAMMONS, HURST & ASSOCIATES

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
amber@hammonslaw.com
Jury Trial Demanded
Attorney Lien Claimed
*Counsel for Plaintiff*

---

[2] Plaintiff filed her first EEOC charge *pro se*. Plaintiff believes all claims asserted herein are included within the scope of her July 17, 2025 EEOC charge and the EEOC's investigation into such charge. However, as a precaution, on October 8, 2025 Plaintiff filed another charge of discrimination including all claims asserted herein. If necessary, Plaintiff intends to amend this Complaint to include any claims for which the Defendant argues, and the Court agrees, were not properly exhausted through her July 17, 2025 filing. Plaintiff will seek to amend once the EEOC issued a right to sue letter for her EEOC charge filed October 8, 2025.

4